FILED
SUPERIOR COURT
OF GUAM

2019 APR 23 PM 3: 05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0253-18** |
| vs. | **DECISION AND ORDER** |
| **JOSHUA MAFNAS TEDTAOTAO,** DOB: 07/16/1986 | (re: People's Motion for Reconsideration) |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 27, 2018 upon the People's Motion for Reconsideration. Public Defender Theresa G. Rojas appeared on behalf of Defendant, Joshua Mafnas Tedtaotao ("Defendant"). Assistant Attorney General Matthew A. Phelps appeared on behalf of the People of Guam ("People"). Upon review of the oral and written arguments, and legal authorities presented by the Parties, the Court hereby **DENIES** the People's Motion for Reconsideration.

## BACKGROUND

The factual background of this matter was previously set out by the Court in a Decision and Order issued on December 20, 2018. The following details the history of the instant case that led to the People's Motion for Reconsideration. Defendant was initially arrested on April 9, 2018 under suspicion of robbery. Subsequently, officers from the Guam Police Department ("GPD") Agat

CF0253-18 People of Guam vs. Joshua Mafnas Tedtaotao
DECISION AND ORDER (People's Motion for Reconsideration)

ORIGINAL

Page 1 of 7

Precinct forwarded another robbery investigation for follow up to Police Officer III Ronnell C. Rivera of the GPD Criminal Investigations Division ("CID"). After conducting follow up investigations, Defendant was identified as a suspect in several robbery cases. Officer Rivera contacted the Department of Corrections to locate Defendant and found out that he was released. Officer Rivera then investigated further and found that Defendant was residing with his parents in a residence in Malojloj, Inarajan.

On April 24, 2018, Officer Rivera went to the residence seeking Defendant. Defendant's father informed Officer Rivera that Defendant was not home, but was driving a silver Toyota Corolla. The officers then left Malojloj and headed north. When the officers were traveling through the village of Yona, they spotted a silver Corolla. They conducted a license plate readout and verified the vehicle belonged to Defendant. The officers began following the vehicle in the direction of Pago Bay. Because the officers were not in a marked car, they radioed for a patrol vehicle to conduct a vehicle pull over. At this point, the officers were following Defendant and were approaching the intersection of Routes 10 and 4.

Once safe to do so, GPD officers in a marked patrol vehicle activated their emergency lights behind Defendant's Corolla. The vehicle complied and pulled into the Agana Shopping Center parking lot, in front of Wendy's. Once pulled over, officers identified Defendant as the driver and discovered that there were two other individuals in the vehicle. All three individuals were ordered out of the vehicle. The officers informed Defendant that the reason for the traffic stop was that Defendant was identified as a suspect in connection with the GPD investigation of robberies forwarded to the CID.

Officer Rivera testified that Defendant was not immediately formally arrested, but that he was not free to leave because Defendant was a wanted person. The officers arrested Defendant, and Officer Rivera testified his partners Officers Lizama and Edquilane conducted a search of the vehicle incident to arrest of Defendant. Inside, the officers found a firearm and glass pipe with residue they suspected to be a controlled substance.

CF0253-18 People of Guam vs. Joshua Mafnas Tedtaotao
DECISION AND ORDER (People's Motion for Reconsideration)

Page 2 of 7

On June 1, 2018, Defendant filed a Motion to Suppress regarding evidence that was found in Defendant's car. The People filed their Opposition to the motion on June 11, 2018. On December 20, 2018, the Court issued a Decision and Order granting Defendant's Motion to Suppress. In response, the People filed a Motion for Reconsideration on December 27, 2018. Defendant filed their Opposition on January 22, 2019. The People filed a Reply on January 28, 2019. On the same day, the Court then held a Reconsideration Hearing and took the Motion under advisement.

## DISCUSSION

In a Motion for Reconsideration, the Criminal Procedure Rules of the Local Rules of the Superior Court of Guam state the following:

> A motion may be renewed only on the grounds of
> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d) (2007). The People specifically argue Criminal Rule 1.1(d)(1) & (3) and, as such, the discussion is limited to those two grounds only. People's Mot. Recon. at 2-3 (Dec. 27, 2018). Here, the Court finds the People have failed to prove any grounds for reconsideration.

*i.*     *The People have not shown any material difference in fact or law.*

The People argue that there was a material fact or law present before the Court's decision was rendered. The Court disagrees. A Motion for Reconsideration is appropriate when there is:

> a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision[.]

CR 1.1(d)(1) (2007). The People claim they had no notice of Defendant's complete arguments for the initial Motion to Suppress. People's Mot. Recon. at 3. The People maintain Defendant did not challenge the search pursuant to the automobile exception, but instead limited his argument to a challenge of the officers' reasonable suspicion to effectuate a stop and subsequent search. Id. The People assert that Defendant had failed to meet his burden in producing

"moving papers [that] are sufficiently definite, specific, detailed, and nonconjectural[,]" thus, disallowing the People sufficient notice to prepare their arguments, specifically concerning the automobile exception. People's Reply to Def's Opp'n at 3 (Jan. 22, 2019) (citing People v. Santos, 1999 Guam 1 ¶ 22). Because of the People's perceived limitation, they focused their argument on only justifying the stop. Id. However, even if this were true, a search is unreasonable per se without a warrant; thus the People still had the burden of proving the search fell within a warrant requirement exception. Id. at ¶ 51.

The Court points to the People's argument that had Defendant raised the automobile exception, the People would have dived further into probable cause to prove a nexus between the robberies, the possessions found, and Defendant's vehicle. People's Mot. Recon. at 3. They argue that if the issue had been put forth, "a lengthy accounting of all the residences and vehicles burglarized by Defendant, and . . . a long and exhaustive itemization of all the property stolen" would have been provided. Id. However, this statement implies that the People had already possessed the necessary facts to prove probable cause for the automobile exception. For a Motion for Reconsideration to be granted, the People must demonstrate facts or law that could not have been known with reasonable diligence at the time of the court's decision. CR 1.1(d)(1) (2007). If the People could have gone into a longer account reciting their evidence for a valid search and seizure, they should have done so. Nothing the People have stated suggests these facts could not have been known with reasonable diligence before the Court made Its decision.

Additionally, contrary to what the People assert, Defendant did give notice of his intent to argue that the scope of the search was illegal even if the initial stop were deemed legitimate. In his initial Motion to Suppress, Defendant argued the following:

> "Assuming Officer Lizama's traffic stop of the defendant was lawful, GPD officers could have conducted a valid Terry stop and frisk of the defendant and his passengers. . . . Assuming further that the police had probable cause to arrest the defendant on April 24, 2018, they could have conducted a search incident to an arrest. However, such a search is limited to the arrestee's person and the area within his immediate control."

(Citations omitted). Def's Mot. Suppress at 3. Even with the necessary facts at the People's disposal, they voluntarily limited their argument to only justify the seizure of Defendant,

CF0253-18 People of Guam vs. Joshua Mafnas Tedtaotao
DECISION AND ORDER (People's Motion for Reconsideration)

Page 4 of 7

notwithstanding the fact Defendant had already argued an illegal search and an impermissible scope of the automobile search. Id. If the People felt sufficient notice was not given, they could have either asked for a continuance or raised their issue orally. They did neither. Thus, the Court finds no material difference in fact or law which warrants reconsideration on the first ground.

ii. *The People have not shown a manifest failure of the Court to consider material facts.*

The People argue that there was a manifest failure of the Court to consider material facts before a decision was rendered. The Court disagrees. A Motion for Reconsideration is appropriate when there is "a manifest showing of a failure to consider material facts presented to the Court before such decision." CR 1.1(d)(1) (2007).

The People argue that enough evidence was presented to establish a reasonable belief to legally search Defendant's vehicle. People's Mot. Recon. at 3-4. They argue that although they were responding to a different issue, they still established a sufficient nexus between Defendant's vehicle and the robberies he is suspected of committing. People's Mot. Recon. at 3. The People proffered the following to establish a nexus: (1) alleged stolen property was found in Defendant's room[1], (2) Defendant was wanted on suspicion of burglary, (3) testifying Officer Rivera was told Defendant was driving his silver Toyota Corolla, (4) a car registered to Defendant was traveling on the road, (5) Officer Rivera called in a patrol vehicle to stop Defendant, (6) a stop was effectuated where Defendant was identified as the driver, and (7) Defendant was seized and arrested. People's Opp'n to Def's Mot. Suppress at 2-3.

In this Court's Decision and Order, the Court determined that there was no constitutional violation in the initial traffic stop because investigatory traffic stops extend to seizures of persons while they operate vehicles if there is reasonable belief a person has committed a felony.[2] Decision and Order at 6-7 (citing U.S. v. Henley, 469 U.S. 221, 232 (1985)). Although there is no question

---

[1] On April 9, 2018, Tawanna Cole reported to GPD that items were stolen from her vehicle, including a bulletproof vest. Later that day, GPD officers searched Defendant's room and found a bulletproof vest which they later identified as stolen. Defendant was arrested in connection to that vest on April 24, 2018.

[2] In this case, Defendant was identified as a suspect in a series of burglaries, robberies, and other felonies. GPD later spotted Defendant's car on the road through information given by Defendant's father. This information plus GPD's identification of Defendant as a suspect of the felony crimes, satisfied reasonable suspicion to effectuate the officer's valid investigatory traffic stop. Decision and Order at 7.

of Defendant's seizure, the People have failed to prove sufficient facts that justify a search incident to arrest pursuant to Arizona v. Gant, 556 U.S. 332 (2009). Gant allows an officer to conduct a warrantless search of a vehicle where an arrestee is unsecured and within reaching distance of the passenger compartment at the time of search, or if it is reasonable to believe the vehicle contains evidence of the offense of arrest. Id. at 350-51.

The Court still does not find a sufficient nexus to establish an exception to the warrant requirement under Gant. For a search to be upheld:

> [T]he nexus between the items to be seized and the place to be searched rest[s] not on direct observation . . . but on the type of crime, the nature of the missing items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide stolen property.

U.S. v. Spearman, 532 F.2d 132 (9th Cir. 1976) (citing U.S. v. Lucarz, 430 F.2d 1051, 1055 (9th Cir. 1970)). The People have stated Defendant was wanted on suspicion of burglaries and have specified some items found in Defendant's home, but they have gone no further. Officer Rivera, the People's only witness, testified that he did not conduct the search of Defendant's vehicle. Officer Rivera conceded in his testimony that he had no personal knowledge of the search and would not speak of how the items were found as he did not personally conduct the search. Thus, the People did not prove the pertinent circumstances of the search such as: who searched Defendant's immediate area; what was found, if anything, in that area; which individual officer found what items; when the items were found, before or after Defendant's arrest; where in the car were the items found; whether the items were in plain view[3], why the area beyond Defendant's wingspan posed a safety risk; the opportunity, if any, for Defendant to hide any evidence, or why the evidence could have been found in the vehicle. Absent all this information, the Court cannot find that the search was a search incident to arrest within the warrant exception, that the search's extended scope was justified, or that any nexus existed between the suspected crimes and Defendant's vehicle to satisfy Gant.

---

[3] A glass pipe with residue of a controlled substance, a gun, and a bulletproof vest was found in the vehicle. People's Opp'n to Mot. Suppress at 3.

CF0253-18 People of Guam vs. Joshua Mafnas Tedtaotao
DECISION AND ORDER (People's Motion for Reconsideration)

Page 6 of 7

A warrantless search is unreasonable per se without a warrant requirement exception. U.S. v. Scott, 705 F.3d 410, 416-17 (9th Cir. 2012). The rule rests on the concern of "giving police officers unbridled discretion to rummage at will among a person's private effects." Gant, 556 U.S. at 345. "The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals. Power is a heady thing; and history shows that the police acting on their own cannot be trusted." McDonald v. U.S., 335 U.S. 451, 455-56 (1948).

Although cars do have a lesser reasonable expectation of privacy on the road, the mere fact that an individual is driving a vehicle and is not in his house does not eliminate his interest in privacy or his right to be free from interference by law enforcement. See Delaware v. Prouse, 440 U.S. 648, 662-64 (1979). This Court finds the People have failed to establish a warrant requirement exception when they offer negligible facts to prove a sufficient nexus between the suspect burglaries and Defendant's vehicle pursuant to Gant. The Court finds no showing of a manifest failure to consider material facts which necessitates reconsideration on the second ground.

The Court finds the People have not demonstrated any grounds for reconsideration. This Motion is **DENIED**. Additionally, the People's requests for a more protracted hearing and for Defendant to refile his motion are also **DENIED**.

### CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court hereby **DENIES** the People's Motion for Reconsideration.

A further proceeding is set for ___5/22/19___, at ___10 a.m.___

**SO ORDERED** ___4/23/19___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA ___
I acknowledge that a copy of t'
original hereto was placed in ti.
code box of:

APR 23 2019
Date:___ Time:___ 3/10 PM

Deputy Clerk, Superior Court of Guam

CF0253-18 People of Guam vs. Joshua Mafnas Tedtaotao
DECISION AND ORDER (People's Motion for Reconsideration)

Page 7 of 7